FILED
CLERK
11:14 am, Aug 21, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DANIEL J. OLSEN and KATHERINE OLSEN,

                       Plaintiffs,               **ORDER**
                                                  17-CV-4522 (SJF) (AYS)

        v.

STERIS CORPORATION,

                       Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

      By Memorandum and Decision dated June 18, 2018 (the "M&D"), this Court granted Defendant's motion to dismiss. *See* Docket Entry ("DE") [24]. Plaintiffs Daniel J. Olsen and Katherine Olsen (collectively "Plaintiffs") seek reconsideration of the M&D to the extent that it dismissed the second and third causes of action. Motion, DE [26]. Defendant Steris Corporation ("Steris") has opposed the motion. For the reasons set forth below, the motion for reconsideration is granted, and upon reconsideration, the Court adheres to its prior decision.

## I. BACKGROUND

      Familiarity of the facts of this case is assumed. In brief, Daniel Olsen and Jonathan Speelman ("Speelman") were involved in a two-car motor vehicle accident on May 9, 2006. At the time of the accident, Speelman was operating a motor vehicle leased by Steris from the DL Peterson Trust ("the Trust"), and was acting within the scope of his employment with Steris.

### A. First State Court Action

      On June 28, 2007, Plaintiffs commenced a personal injury action in New York state court (the "State Court Action") against Speelman and the Trust. Steris is not a party to that action. On December 18, 2008, Plaintiffs conducted a deposition of Speelman, who testified that Steris was his employer at the time of the accident. At a mediation held on January 6, 2016, defense counsel "advised the plaintiffs for the first time that Speelman's employer, Steris, had insurance

coverage for the accident" through a policy issued by Ace Insurance Company ("Ace"). Amended Complaint ("Am. Compl."), ¶23. Defense counsel also advised that "the excess carrier for Steris' employee, Speelman (and for Steris), was an unidentified off-shore insurance company that was out of business and insolvent." *Id.* ¶24. That carrier, Global Risk Insurance Company ("GRIC") was a wholly owned subsidiary of Steris and therefore was a captive insurer. *Id.* ¶6.

Defendants tendered the Ace policy limits to Plaintiffs, and on February 18, 2016, Plaintiffs executed a release, but "reserving their right to continue the prosecution of their lawsuit in the event that excess insurance is available for the defendants (Speelman and the Trust)" through GRIC or Steris. *Id.* ¶¶25-26. Ace issued checks totaling $1,182,643.30 to Plaintiffs, but the State Court Action remains pending. *Id.* ¶¶ 27-28.

**B. Second Action**

On June 28, 2016, General Counsel for Steris advised Plaintiffs' counsel that GRIC had dissolved in 2012 and that there was no excess insurance available to cover the accident. Am. Compl. ¶32. In October 2016, Steris's counsel forwarded a Commutation and Release Agreement ("CARA") dated December 1, 2008 between Steris and GRIC pursuant to which GRIC paid Steris over $17 million "in full and final settlement of any and all amounts due" by GRIC and by which Steris "accepted and assumed all the duties, responsibilities, liabilities, and obligations, known or unknown, incurred by or imposed on [GRIC] as a result of, related to, or arising out of the policies." *Id.* ¶33.

On or about June 22, 2017, Plaintiffs commenced a second action in New York state court seeking a declaratory judgment that, by virtue of the CARA, Steris assumed GRIC's obligation to provide excess coverage with respect to Plaintiffs' claims against Speelman. Steris removed that case to this Court. After the case was removed, Plaintiffs, on September 21, 2017,

amended their complaint to add two personal injury causes seeking damages for the injuries suffered by Plaintiffs as a result of the May 9, 2006 accident.

Steris's motion to dismiss the amended complaint was granted in its entirety by the M&D. The first cause of action seeking a declaratory judgment was dismissed for lack of standing. The second and third causes of action asserting personal injury claims against Steris were dismissed as barred by the applicable statute of limitations. Plaintiffs now seek reconsideration of the M&D as to the dismissal of the personal injury claims only.

## II. LEGAL STANDARDS

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. *See Hunt v. Enzo Biochem, Inc.,* No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted).

In their notice of motion and memorandum of law, Plaintiffs seek "re-argument and reversal" of that part of the M&D dismissing the second and third causes of action. Notice, DE [26]. They claim entitlement to this relief pursuant to Rule 60 (b)(5) of the Federal Rules of

Civil Procedure, which provides that the court may relieve a party from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). Their arguments in support of the motion, however, do not apply to any of the situations covered by this section. Instead, Plaintiffs ask the Court to reconsider the decision because it "misapprehended" the arguments raised in the motion to dismiss. Plaintiffs' Memorandum of Law at 1, DE [26-3]. As such, the motion more appropriately invokes Rule 60(b)(1), which applies in instances of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Rule 60(b)(1) 'is available for a district court to correct legal errors,' *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009), such as when 'the judge has made a substantive mistake of law or fact,' *Lugo v. Artus*, No. 05 Civ. 1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation omitted), or 'overlooked certain parties' arguments or evidence in the record.' *Badian v. Brandaid Commc'ns Corp.*, No. 03 Civ. 2424 (DC), 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005)." *Rai v. WB Imico Lexington Fee, LLC*, No. 09 CIV. 9586, 2017 WL 4350567, at *2 (S.D.N.Y. June 28, 2017), *aff'd*, 719 F. App'x 90 (2d Cir. 2018); *see also Isabella v. Podlofsky*, No. 08CV1510, 2010 WL 11632635, at *4 (E.D.N.Y. Jan. 26, 2010) (Rule 60(b)(1) relief is appropriate "where a court has overlooked an argument or facts which were put before the court in the underlying motion." (internal quotation marks and citation omitted)).

## III. DISCUSSION

The motor vehicle accident occurred on May 9, 2006, and to be timely under New York's three-year statute of limitations, any personal injury claim arising therefrom had to be commenced by May 9, 2009. While the State Court Action against Speelman and the Trust was timely filed in 2007, Plaintiffs' personal injury claims against Steris were asserted for the first time on September 21, 2017 with the filing of the Amended Complaint in the current action.

4

Application of the relation back doctrine was deemed to be unavailing since the initial complaint in the current action was filed on June 22, 2017, also well beyond the expiration of the statute of limitations. *See Rosen ex rel. Egghead.Com, Inc. v. Brookhaven Capital Mgmt., Co.,* 179 F. Supp. 2d 330, 339 (S.D.N.Y. 2002) (noting that it is "well established that if the claim sought to be asserted in an amended complaint was time-barred at the time the original complaint was filed, the relation back doctrine will not save it" (citing *Mackensworth v. S.S. Am. Merch.,* 28 F.3d 246, 251-52 (2d Cir. 1994)). Plaintiffs now claim that the Court misapprehended its argument regarding application of the relation back doctrine, arguing that the allegations in the Amended Complaint relate back to the filing of their <u>original</u> complaint in state court in 2007. In other words, they claim that their personal injury claims in this diversity action are timely because they relate back to their commencement of a separate action against different defendants in a different forum filed over ten (10) years earlier.

Rule 15(c) provides that in certain circumstances, "[a]n amendment to a pleading relates back to the date of the original pleading." FED. R. CIV. P. 15(c). By its plain meaning, the relation back doctrine only applies where an original pleading is amended. "The amendment does not, however, relate back to any prior proceedings which are not part of the action in question." *Rayo v. State of New York*, 882 F. Supp. 37, 40 (N.D.N.Y. 1995) (noting that "the plaintiff's amended federal pleading cannot relate back to the original New York Court of Claims pleading for statute of limitations purposes"). The Second Circuit and other courts in this district have consistently noted that relation back is not available by reference to a timely-filed, separate case commenced in another forum. *See, e.g., Reliance Ins. Co. v. PolyVision Corp.*, 292 F. App'x 106, 107 (2d Cir. 2008) ("declin[ing] plaintiff's invitation to . . . permit the complaint to relate back to the 1994 pleading, which was filed by a different party in a separate action in state

5

court"); *Palatkevich v. Choupak*, 152 F. Supp. 3d 201, 226 (S.D.N.Y. 2016) (plaintiff cannot "by filing a brand new lawsuit, 'relate back' his slander claim to the earlier, timely filed claims in a wholly separate lawsuit in a different court"); *Lucchesi v. Experian Info. Sols., Inc.,* 226 F.R.D. 172, 174–75 (S.D.N.Y. 2005) ("[t]he Federal Rules of Civil Procedure contemplate[] the relation back of pleadings only in the context of a single proceeding" not to a state court lawsuit). Plaintiffs seek a contrary result here, arguing that their claims properly relate back to the filing of the State Court Action in 2007 rather than the date of the filing of the declaratory judgment complaint, the original pleading in this case, in June 2017.  They have failed, however, to provide either persuasive argument or controlling case law warranting departure from the precedent in this Circuit.

## IV.  CONCLUSION

For all the foregoing reasons, Plaintiff's motion for reconsideration, DE [26], is granted, and upon reconsideration, the Court adheres to its prior decision

**SO ORDERED**.

                                                                        /s/
                                                 Sandra J. Feuerstein
                                                 United States District Judge

Dated:  Central Islip, New York
        August 21, 2019